_____

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

_____

| | |
|---|---|
| **DEMARI DILLON-MARLIN and ERIK DILLON,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JOSH M. LEE, et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24-cv-00206-JNP-JCB**<br><br>**Chief District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

### INTRODUCTION[1]

After the parties' unsuccessful attempt to mediate their discovery differences, Plaintiffs Demari Dillon-Marlin and Erik Dillon (collectively, "Plaintiffs") moved to compel Defendants Josh M. Lee, Clayton Farnes, Matthew Bartlett, Adam Page, Tiffany Parker, Nicholas Renfro, Jason Sills, Easton Story (collectively, "Officer Defendants"), and Unified Police Department of Greater Salt Lake ("UPD") to respond to Plaintiffs' Third Set of Discovery to UPD and Plaintiffs' Second Set of Discovery to each of the Officer Defendants.[2]

After considering the parties' written memoranda, the court issues its order as to each discovery request to UPD in Attachment A and as to each discovery request to the Officer Defendants in Attachment B. Both Attachments A and B are color-coded spreadsheets that

_____

[1] Chief District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 7.

[2] ECF No. 38.

contain the disposition of each discovery request. Red indicates that the objection(s) to the discovery request is/are sustained, and, therefore, no answer is required. Yellow indicates that part of the request must be answered. And green indicates that the request as written must be responded to in full within 21 days after the date of this Memorandum Decision and Order. To provide legal and factual context for the court's rulings in Attachments A and B, the court sets forth the legal standards below that it applied in reaching its rulings.

LEGAL STANDARDS

In reaching its rulings in Attachments A and B, the court begins with Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) allows parties to obtain discovery "regarding any nonprivileged matter that is [(1)] relevant to any party's claims or defense and [(2)] proportional to the needs of the case."[3] When evaluating proportionality, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[4] Relatedly, the court is mindful of Rule 26(b)(2)(C)(i), which requires the court to limit "the frequency or extent of discovery otherwise allowed" when the court determines that discovery is, among other things, "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[5]

---

[3] Fed. R. Civ. P. 26(b)(1).

[44] *Id.*

[5] Fed. R. Civ. P. 26(b)(2)(C)(i).

When considering "relevance," the court is limited to the claims and defenses that are currently in the lawsuit; not those that counsel would like the claims and defenses to be. Judge James O. Browning provides one of the best analyses in support of this proposition in *Kennicott v. Sandia Corp.*[6] In *Kennicott*, the plaintiffs' operative complaint alleged claims for both intentional and disparate impact gender discrimination under Title VII of the Civil Rights Act of 1964.[7] The complaint also alleged that the defendant's alleged Title VII violations were based on a "continuing policy, pattern, and practice of sex discrimination against female employees, with respect to performance evaluations, pay, promotions, and other terms and conditions of employment."[8]

In pursuit of their claims, the plaintiffs served discovery requests upon the defendant that sought information about "unfair treatment against any woman, including gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment, [and/or] retaliation."[9] The defendant objected to producing these materials because "discovery is limited to the pleadings' claims and defenses."[10] Therefore, the defendant argued, because sexual harassment, pregnancy discrimination, hostile work environment, and retalitation were not pled in the plaintiffs' complaint, discovery on those topics was irrelevant to the parties' claims and defenses.[11]

---

[6] 327 F.R.D. 454, 464-71 (D.N.M. 2018).

[7] *Id.* at 456.

[8] *Id.* (citation modified).

[9] *Id.* (citation modified).

[10] *Id.* at 458.

[11] *Id.*

Judge Browning analyzed the history of Rule 26(b)(1)'s standard of "relevant to any party's claim or defense" and drew three helpful conclusions. First, the rule change in the 2000 amendments to Rule 26(b)(1) provides the court with "'the authority to confine discovery to the claims and defenses asserted in the pleadings[] and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[12] Second, although discovery must be confined to the claims and defenses pled in the operative pleadings, discovery on those topics is intended to be broad.[13] Therefore, third, the issue concerning relevance under Rule 26(b)(1) is not whether the requested discovery seeks information about unpled claims or defenses but rather whether the discovery sought is relevant to proving or defending against the claims and defenses that have been pled.[14] Additionally, absent a showing of discovery irregularities, conducting discovery about discovery is disfavored because it is not relevant to the claims and defenses.[15]

### DISCUSSION

Plaintiffs' operative complaint asserts two claims against UPD and the Officer Defendants. First, Plaintiffs assert a violation of their Fourth Amendment rights against unreasonable search and seizure arising from the Officer Defendants' warrantless entry into their home.[16] Second, Plaintiffs allege Equal Protection Clause claims under both race and

---

[12] *Id.* at 467 (quoting Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment)

[13] *Id.* at 469.

[14] *Id.* at 472.

[15] *See, e.g., Am. W. Bank Members, L.C. v. Utah,* No. 2:16-cv-00326, 2021 WL 5234372, at *2 (D. Utah Nov. 10, 2021).

[16] *See generally* ECF No. 16.

class-of-one discrimination theories.[17] As to UPD, Plaintiffs also assert a failure to train on issues of race.[18] The court is also mindful of the defenses raised in the Officer Defendants and UPD's answer to the operative complaint.[19]

But even if discovery is relevant, the court must also consider the burden of producing it compared to the benefit that the discovery will provide in terms of resolving the issues in the case, among other factors. Relatedly, the court must consider the fact that Plaintiffs have already served 654 discovery requests upon the Officer Defendants and UPD collectively in this litigation. Some of those prior discovery requests overlap significantly with Plaintiffs' discovery requests that are the subject of their motion to compel. The court must also consider whether other sources or methods of discovery are better suited to uncovering the requested material in a less burdensome way. With these principles in mind, the court orders as follows in Attachments A and B.

### ORDER

For the reasons stated above and in Attachments A and B, Plaintiffs' motion to compel[20] is GRANTED IN PART and DENIED IN PART. Given this ruling, Fed. R. Civ. P. 37(a)(5)(C) provides that the court "may" impose reasonable expenses. The court declines to do so because the parties' arguments, although not entirely persuasive, were substantially justified.

---

[17] *See generally id.*

[18] *See generally id.*

[19] *See generally* ECF No. 25.

[20] ECF No. 38.

IT IS SO ORDERED.

DATED this 10th day of June 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

6